**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**SARAH MACON OSCAR**                                                     **PLAINTIFF**

**VS.**                                 **CIVIL ACTION NO. 3:19-CV-144-HTW-LRA**

**UNITED PARCEL SERIVICE, INC.**                          **DEFENDANT**

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On February 22, 2019, Sarah Macon Oscar [hereinafter "Plaintiff"] filed a Complaint against her former employer alleging that she was discriminated against due to her race. She paid her filing fees on the date she filed her Complaint, but she has never caused process to be issued or served. On June 19, 2019, the undersigned entered an Order to Show Cause, granting Plaintiff leave to either serve process by July 31, 2019, or to show cause in writing by that date as to why her case should not be dismissed. The Court warned Plaintiff that her failure to either serve process or respond to the Order by July 31, 2019, may result in the dismissal of her Complaint without further notice.

Plaintiff failed to respond to the Court's Order, and the undersigned assumes that she may have settled her claims or is no longer interested in prosecuting her claims in this Court. Although neither she or her attorney have notified the Court that she wishes to dismiss her Complaint, it is the opinion of the undersigned that this case should be dismissed *sua sponte*. She has not caused process to be served, and, she has failed to respond to this Court's Order to Show Cause.

1

FED.R.CIV.P.4(m) provides as follows:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. ...

As stated, Plaintiff filed this case on February 22, 2019, nearly six months ago. The time period for serving process originally expired on or about May 22, 2019, 90 days after the Complaint was filed. Plaintiff has made no request for additional time to serve process, nor did she respond to the Order to Show Cause.

This Court has the authority to dismiss an action for failure of a Plaintiff to prosecute or to comply with any order of the Court both under FED. R. CIV. P. 41(b) and under its inherent authority. *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)*; Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link*, *supra*, 370 U.S. at 630.

For these reasons, it is the opinion of the undersigned that the Complaint filed by Plaintiff should be dismissed without prejudice pursuant to FED. R. CIV. P. 4(m) and

FED. R. CIV. P. 41(b).   Alternatively, if Plaintiff shows good cause for her failure to serve process, she should be granted a short additional period of time in which to do so.

Plaintiff is hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.   28 U.S.C. § 636;   Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 20th day of August 2019.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE